DAVID KAUFMAN *vs.* WILLIAM I. GORFINKLE.

Bristol.    November 10, 1966, February 17, 1967. — March 8, 1967.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, SPIEGEL, & REARDON, JJ.

*Corporation,* Stockholder. *Personal Property,* Ownership, Corporate stock.

Warranted findings by the trial judge in a suit in equity established that the plaintiff was the sole owner of certain corporate stock standing in the defendant's name which the plaintiff offered to sell to the defendant within a prescribed time and that the defendant never accepted the offer; and the final decree rightly ordered the defendant to transfer the stock to the plaintiff.

BILL IN EQUITY commenced by writ of summons and attachment dated September 21, 1964.

The suit was heard in the Superior Court by *Smith,* J.

*Robert F. McCormick* for the defendant.

*William A. Torphy, Isador S. Levin & Frederic J. Torphy,* for the plaintiff, submitted a brief.

SPALDING, J.   The plaintiff brought this bill in equity to compel the defendant to transfer to him 833 shares of the capital stock of the J. O. Whitten Company, Inc. (Whitten), and to pay to him certain accrued dividends on these shares. The evidence is reported and the judge made a report of the material facts.   Pursuant to an order of this court the judge made supplemental findings.

We summarize the facts found by the judge as follows: Wolf Lepes, Morris Lepes (Wolf's son) and the plaintiff, David Kaufman (Wolf's son-in-law), were stockholders and operators of W. Lepes & Sons, Inc., a Rhode Island corporation.   William I. Gorfinkle, the defendant, was president and treasurer of Whitten.   In December of 1951, Wolf and Clara, his wife, purchased through Gorfinkle 2,500 shares of Whitten stock for $5,000.[1]   With their consent the stock certificate was made out to Gorfinkle, who wanted the stock for voting purposes in order to control the corporation; he also wanted to conceal from the stockholders the fact that he had sold Whitten stock to others instead of buying it himself.   It was agreed that the dividends would be paid to Wolf, Morris, and Kaufman.   Thereafter, the dividends were paid in accordance with this agreement.   Subsequently, Morris and Kaufman each purchased 833 shares of the stock from Wolf.   Gorfinkle informed Kaufman that if he wished to sell his 833 shares he, Gorfinkle, would sell them and remit the proceeds.   Gorfinkle sent Kaufman a United States Treasury "Ownership Certificate" which recited that Wolf, Morris, and Kaufman were the owners, respectively, of 834, 833 and 833 shares of Whitten stock.

In the spring of 1963, Wolf became critically ill, and, because heavy medical expenses were anticipated, Morris conferred with Gorfinkle about the sale of Wolf's, his own, and Kaufman's stock.   On May 13, 1963, Wolf, Morris, and Kaufman wrote to Gorfinkle offering to sell their stock to

---

[1] The judge in his supplemental findings stated that this purchase was made in "December of 1957" but this is obviously a mistake, for the evidence does not support this finding.   There is documentary evidence that the purchase was made in December of 1951, and we so find.

him at $4.60 a share, plus accrued dividends. The offer was to remain open until June 15, 1963.[2]

On May 17, 1963, Gorfinkle sent Wolf a check for $3,836.40 "to pay for your interest in 834 shares of . . . Whitten stock." A check for $58.38 for the April dividend was also enclosed. On June 3, 1963, Gorfinkle sent a check to Morris for $3,831.80 as "Payment in full for your interest in 833 . . . [shares of Whitten stock]." On the same day he also sent Morris a check for $58.31 covering accrued dividends. On July 9, 1963, Gorfinkle sent Kaufman a check for $58.31 for "Dividends . . . on 833 . . . [shares of Whitten stock]" but he did not send a check for the purchase price of these shares.

At the trial Gorfinkle claimed that when he sent the dividend check to Kaufman he also sent him a check for $3,831.80 representing the purchase price for the stock. Although the cancelled dividend check was introduced in evidence, no cancelled check for the purchase price was introduced. The judge found that "no check for $3831.80 in payment of 833 Kaufman shares was ever sent and that Gorfinkle did not intend to buy the Kaufman stock at any time."

A final decree was entered ordering Gorfinkle to deliver to Kaufman a certificate of stock in proper form for 833 shares of Whitten stock and that he cause proper entries of this transfer to be made in the corporate books. Gorfinkle appealed.

Following the arguments in this court we issued an order that the findings of material facts be clarified and amplified in certain respects. The defendant contends that this has not been done and requests that the case be remanded for a new trial. From an examination of the supplemental findings and the evidence we are satisfied that this request should not be granted.

There was no error.

---

[2] The judge found that this offer was extended to September, 1963. The precise date, according to the evidence, is September 15.

The findings establish that Kaufman was the sole owner of 833 shares of Whitten stock;[3] that he offered to sell them to Gorfinkle within a prescribed time and the latter never accepted the offer. On these findings, which were supported by evidence, the decree rightly ordered the defendant to deliver the stock to Kaufman.

Gorfinkle, in his supplementary brief, states that after the original hearing and while the appeal was pending in this court he caused a deposition of Clara Lepes (Wolf's widow) to be taken under Rule 15 of the General Rules of this court. When the case was later considered by the judge pursuant to the order of this court, counsel for Gorfinkle asserts that he offered the deposition to the judge. It is contended that this deposition "conflicts with and impeaches the testimony . . . in many respects, particularly in connection with terms of the contract of sale." Since the deposition is not before us we cannot pass on the correctness of this assertion. Furthermore, we have no way of knowing on this record whether the deposition was submitted to the judge and, if it was, whether he considered it in connection with his supplemental findings. Under the order the taking of further evidence was not contemplated and if the judge decided to consider the case on the basis of evidence already introduced he did not err. If, on the other hand, he considered the deposition he could still find as he did, for he was not obliged to believe it.

*Decree affirmed with costs of appeal.*

---

[3] There was, to be sure, evidence that Kaufman's wife, Rose, was a co-owner of the 833 shares claimed by him. But there was other evidence which would support a finding that he had exclusive ownership of these shares and that Gorfinkle so understood.